■ In the Matter of DOMINIC PALMIERI, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 1968, which determined that claimant was disqualified from receiving unemployment insurance benefits effective September 5, 1967 on the ground that he voluntarily left his employment without good cause. Claimant, employed by Consolidated Edison Company in New York City for over 17 years, owned a home in New York City and a home at Swan Lake. In the month of June, 1967 he sold his home in New York City and took up residence at his home at Swan Lake. He resigned from his employment because he was unable to commute from Swan Lake to New York City. Claimant states that his financial condition required him to sell his home in New York, since he was unable to keep up the payments on both homes and had been unable to sell the home at Swan Lake despite many efforts to do so. "What constitutes 'good cause' is factual and thus within the exclusive province of the board if its determination is supported by substantial evidence" (*Matter of Frankel [Catherwood]*, 26 A D 2d 866). There were no changes in the conditions of claimant's employment which were involuntarily imposed upon him by the employer. Claimant voluntarily moved his family to another locality allegedly to remedy his own financial problems without attempting to obtain suitable living quarters for himself convenient to his employer's establishment and without arranging a means to commute. On these facts we cannot disturb the board's determination. (*Matter of D'Arcangelis [Catherwood]*, 29 A D 2d 706; *Matter of Frankel [Catherwood], supra*). Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by the court.

■ In the Matter of HARVEY MARCELIN, Appellant, v. JOSEPH SCOTT et al., Respondents.— COOKE, J. Appeal from a judgment of the Supreme Court at Special Term, entered February 1, 1969, which dismissed the application of petitioner, an inmate at a State prison, in a proceeding stated to be under CPLR article 4 "for an enforcement of the Federal, State Civil Rights Act in which petitioner is deprived of by respondents constituting illegal detention of petitioner; * * * for an order permanently restraining certain excessive deprivations and inflictions summarily upon petitioner." Citing *Wright* v. *McMann* (387 F. 2d 519), decided in 1967, Special Term stated that "injunctive relief and remedy lie exclusively with the Federal Court by reason of the absence of legislative mandate for the state courts to pursue." Respondents agree that the question of whether the court below had jurisdiction over the matter at the time of its decision is now academic by virtue of chapter 658 of the Laws of 1969, effective May 21, 1969, which amended section 79-c of the Civil Rights Law by adding thereto: "Nothing in sections seventy-nine or seventy-nine-a of this chapter shall be deemed to deny a convict sentenced to imprisonment the right to injunctive relief for improper treatment where such treatment constitutes a violation of his constitutional rights." Said amendment, remedial in nature, designed to correct an imperfection in the prior law or to provide a remedy for a wrong if none previously existed, is to be liberally construed so as to spread its beneficial results as widely as possible, it being an exception to the general rule that statutes are not to be given a retroactive operation (*People* v. *Cornish*, 21 A D 2d 280, 283; *Matter of Robinson [Catherwood]*, 11 D 2d 374, 376; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 54). Judgment reversed, on the law and the facts, and matter remitted for further proceedings, without costs. Herlihy, P. J., Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.